# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TUAN T. NGUYEN & BINTHUY NGUYEN, | CASE NO. 09cv1411-WQH-RBB |
|---|---|
| Plaintiffs, | **ORDER** |
| vs. | |
| AEGIS FUNDING CORPORATION; AMERICAS SERVICING COMPANY; SPECIALIZED LOAN SERVICING, LLC; NDEX WEST LLC and DOES 1-10, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motions to Dismiss filed by Defendant Specialized Loan Servicing, LLC (Doc. # 3) and Defendant America's Servicing Company (Doc. # 9).

**I.    Background**

On June 29, 2009, Plaintiffs, proceeding pro se, initiated this action by filing a Complaint. (Doc. # 1). The Complaint alleges the following causes of action related to a residential mortgage transaction: (1) breach of contract; (2) violation of generally accepted accounting principles; (3) violation of the Fair Debt Collection Practices Act; (4) violation of the Uniform Commercial Code; (5) violation of the Real Estate Settlement Procedures Act; and (6) fraud in the inducement.

On July 27, 2009, Defendant Specialized Loan Servicing, LLC filed a Motion to

1  Dismiss the Complaint (Doc. # 3), and on September 17, 2009, Defendant America's Servicing
2  Company filed a Motion to Dismiss the Complaint (Doc. # 9).  Each Motion to Dismiss is
3  accompanied by a proof of service, certifying that Plaintiffs were served by U.S. mail with
4  copies of the respective Motion to Dismiss.

5  On August 6, 2009, Defendant Aegis Funding Corporation filed a "Suggestion of
6  Bankruptcy" with this Court.  (Doc. # 6).  The Suggestion of Bankruptcy notified the Court
7  that on August 13, 2007, Aegis Funding Corporation filed a bankruptcy case under Chapter
8  11 of the United States Bankruptcy Code in the District of Delaware.

9  In an Order dated October 14, 2009, the Court ordered that, pursuant to 11 U.S.C. §
10 362(a), "the action in this Court is STAYED as to Defendant Aegis Funding Corporation only.
11 This action is NOT STAYED as to Plaintiff's claims against all other Defendants."  (Doc. #
12 10 at 2).  The Court further ordered: "Any opposition to the pending Motions to Dismiss (Doc.
13 # 3, 9) must be filed no later than October 26, 2009.  Any reply must be filed no later than
14 November 2, 2009." (Doc. # 10 at 2).  The docket reflects that the Clerk of the Court served
15 a copy of this Order on Plaintiffs via U.S. mail.  (Doc. # 10).

16 On October 29, 2009, Defendant America's Servicing Company filed a "Reply to
17 Plaintiffs' Non-Opposition."  (Doc. # 11).  The Reply states:

18  Pursuant to Local Rule 7.1, Plaintiffs were originally required to oppose
    [Defendant]'s motion [to dismiss] not later than fourteen (14) calendar days
19  prior to the hearing date, October 12, 2009.  The Court subsequently ordered
    that any opposition to [Defendant]'s motion must be filed no later than October
20  26, 2009.  Plaintiffs failed to file or serve any opposition by either of these dates
    or thereafter.  Pursuant to Local Rule 7.1.f.3, this failure constitutes consent to
21  the granting of [Defendant]'s motion.

22 (Doc. # 11 at 1).  The Reply is accompanied by a proof of service, certifying that Plaintiffs
23 were served by U.S. mail with a copy of the Reply.

24 Plaintiff has not filed an opposition to either of the pending Motions to Dismiss.

25 **II.    Discussion**

26 "Although [courts] construe pleadings liberally in their favor, pro se litigants are bound
27 by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citation
28 omitted).  A district court may properly grant an unopposed motion to dismiss pursuant to a

local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See id.* Civil Local Rule 7.1 provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. Local Rule 7.1(f)(3)(a). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Steel v. City of San Diego*, No. 09cv1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (dismissing action pursuant to Local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss).

The docket reflects that Plaintiffs were served with copies of the Motions to Dismiss and the Court's Order extending the deadline to oppose the Motions to October 26, 2009. Plaintiffs have failed to file an opposition. The Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of dismissing this action for failure to oppose the Motions to Dismiss. *Ghazali*, 46 F.3d at 53.

**III.    Conclusion**

IT IS HEREBY ORDERED that the Motions to Dismiss filed by Defendants Specialized Loan Servicing, LLC and America's Servicing Company are **GRANTED**. (Doc. # 3, 9). The action is stayed as to the only remaining Defendant, Aegis Funding Corporation, due to Aegis' bankruptcy filing.

IT IS FURTHER ORDERED that the Complaint is **DISMISSED WITHOUT PREJUDICE** as to all Defendants. The Clerk of the Court shall close this case, with leave for any party to file a motion to reopen the case.

DATED: November 13, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge